## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT HAYMAKER,

      Plaintiff,

      v.

CITY OF JOHNSTOWN, CRAIG FOUST,
Individually, and as former Chief of the
City of Johnstown Police Department,
and MELISSA KOMAR, as former City
Manager of the City of Johnstown,

      Defendants.

Civil Action No: 3:18-cv-00203-KRG

Honorable Kim R. Gibson

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

AND NOW, come Defendants City of Johnstown, Craig Foust, Individually, and as former Chief of the City of Johnstown Police Department, and Melissa Komar, as former City Manger of the City of Johnstown, and file the within Answer and Affirmative Defenses to Plaintiff's Complaint:

1.     Paragraph 1 requires no response.

2.     Defendants admit that this court has subject matter jurisdiction over Plaintiff's claims by virtue of the allegations of his Complaint.

3.     Defendants admit that venue properly lies herein by virtue of the allegations of Plaintiff's Complaint. Defendants deny that the events alleged in Plaintiff's Complaint constitute "omissions" and further deny that they are liable to Plaintiff on any cause of action stated in his Complaint.

4.      Upon information and belief, Defendants admit the averments of Paragraph 4.

5.      Paragraph 5 includes conclusions of law which require no response. Defendants admit that the City of Johnstown is a municipality located within the Western District.

6.      Defendants admit that Foust is an adult individual residing in the Western District of Pennsylvania.   Defendants deny that Craig Foust was an "employer" or a "covered entity" under the PMAA, 51 Pa. C.S. §7309.  Defendants further deny that at all times relevant to Plaintiff's Complaint Craig  Foust was the Chief of Police of the City of Johnstown.

7.      Defendants admit that Komar is an adult individual residing in the Western District of Pennsylvania.  Defendants deny that Melissa Komar was am "employer" or "covered entity" under the PMAA at any time material to Plaintiff's claims.   Defendants further deny that at all times relative to Plaintiff's Complaint Komar was the manager of the City of Johnstown.

8.      Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the averments of Paragraph 8.

9.      Admitted.

10.     Defendants admit that Haymaker was made a Detective in 2004.  Defendants admit that as a detective he became eligible for membership in the Safe Streets Task Force. Defendants deny the remainder of the averments of Paragraph 10.  Defendants specifically deny that assignment to the BCI constitutes a promotion and/or that Plaintiff was entitled to a take-home vehicle or overtime from Defendants as a result of said transfer.

3517808.1

11.     Admitted.

12.     Admitted.

13.     Defendants admit that Plaintiff was periodically deployed throughout his career with the Johnstown Police Department.   Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the dates and purpose of each of Plaintiff's deployment to admit or deny the averments herein.

14.     Defendants admit that Plaintiff was periodically deployed throughout his career with the Johnstown Police Department.   Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the dates and purpose of each of Plaintiff's deployment to admit or deny the averments herein.

15.     Defendants admit that Plaintiff was periodically deployed throughout his career with the Johnstown Police Department.   Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the dates and purpose of each of Plaintiff's deployment to admit or deny the averments herein.

16.     Defendants admit that Plaintiff was periodically deployed throughout his career with the Johnstown Police Department.   Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the dates and purpose of each of Plaintiff's deployment to admit or deny the averments herein.

17.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the averments of Paragraph 17.  Defendants further deny that said averments are material to any claim or defense herein.

18.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the averments of Paragraph 18.  Defendants further deny that said averments are material to any claim or defense herein.

19.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the averments of Paragraph 19.  Defendants further deny that said averments are material to any claim or defense herein.

20.     Defendants deny the averments of Paragraph 20.

21.     Defendants deny the averments of Paragraph 21.

22.     Defendants deny the averments of Paragraph 22.

23.     Defendants deny the averments of Paragraph 23.

24.     Defendants deny the averments of Paragraph 24.

25.     Defendants deny the averments of Paragraph 25.

26.     Defendants deny the averments of Paragraph 26.

27.     Defendants deny the averments of Paragraph 27.

28.     Defendants deny that a transfer from the BCI to the Patrol Division constitutes a demotion.  Defendants further deny that Plaintiff was subjected to any adverse employment action attributable to or related to his military obligations or status.

29.     Defendants deny the averments of Paragraph 29.

30.     Defendants deny the averments of Paragraph 30.  By way of further response, Plaintiff was promoted to rank of sergeant because he  took and passed the civil service examination and applied for the position.  The only available sergeant position at the time was in the patrol division.

31.     Defendants admit that Plaintiff was voluntarily transferred to the BCI in 2011 and that his transfer required him to relinquish the rank of sergeant as there was no open sergeant position in the BCI at the time.

32.     Defendants deny the averments of Paragraph 32 insofar as Plaintiff alleges that Defendants controlled Plaintiff's assignment to the Task Force, which is run by the FBI; and insofar as Plaintiff alleges that an officer is promoted to sergeant pursuant to nothing more than a request. Defendants further deny that Plaintiff had any right or entitlement to the position of sergeant because he voluntarily resigned from that position in 2011.

33.     Defendants deny the averments of Paragraph 33 insofar as they allege that Plaintiff's transfer to the patrol division and suspension in March, 2014, were related to a "purported" violation of the chain of command. To the contrary, Plaintiff was appropriately and justifiably disciplined for failing to follow the chain of command which disciplinary action was affirmed and sustained upon his filing of a grievance thereof.

34.     Upon information and belief, admitted.

35.     Admitted.

36.     It is admitted that the City agreed to promote Plaintiff to sergeant after he took and passed the sergeant's examination and submitted an application for the position.

37.     Admitted.

38.     It is admitted that two Captain's positions became available in 2016. The remainder of the averments of Paragraph 38 are denied. The City does not administer an examination for position of Captain. Further, the candidates are not ranked.

39.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's allegation of "many years of supervisory experience"

with the military.  Defendants deny that Plaintiff had any years of supervisory experience with the Johnstown Police Department.  Defendants further deny Plaintiff's allegation that he was "highly qualified" for the Captain positions which became available in 2016.

40.     Admitted.

41.     It is denied that the Police Department selected Jeff Janciga and Chad Miller as Captains.  By way of further answer, Jeff Janciga and Chad Miller were selected as Captains by City Manager Melissa Komar.

42.     Denied.

43.     The averments of Paragraph 43 are denied insofar as they imply that the experience of Mr. Miller set forth therein constitutes the sum of his experience and/or was the basis for his appointment to position of Captain.

44.     Defendants deny the averments of Paragraph 44 insofar as Plaintiff alleges or implies that Miller's historic performance on an examination for the position of Sergeant has any bearing or relevance on his qualifications for the position as Captain.

45.     Defendants deny the averments of Paragraph 45 insofar as they allege that Mr. Janciga's experience set forth therein constitutes the sum of his experience which qualified him for the position of Captain and/or that he was selected on the basis of the experience alleged therein.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's allegations regarding his supervisory experience in the military.  Defendants specifically deny that Plaintiff's supervisory experience in the military  alone makes him equally qualified or more qualified than an individual with supervisory experience in the Johnstown Police Department.

3517808.1

46.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the averments of Paragraph 46.  By way of further response, Defendants deny that the credential alleged therein qualified him for the position of Captain.

47.     Defendants deny the averments of Paragraph 47 insofar as Plaintiff purports to allege that military affiliation or inactive military status had any bearing on or relevance to the City Manager's decision to appoint Janciga and Miller as Captains.

48.     Admitted.

49.     Admitted.  By way of further response, Plaintiff was not qualified for the position of Chief.

50.     Admitted.

51.     Defendants deny the averments of Paragraph 51 insofar as Plaintiff alleges or implies that Mr. Johnson's military affiliation or lack thereof had any bearing on or relevance to his appointment as Chief of Police.  Defendants further deny that averments of Paragraph 51 insofar as Plaintiff purports to allege or imply that Plaintiff was more qualified than Mr. Johnson.

52.     Upon information and belief, Defendant admits the averments of Paragraph 52.  By way of further response, upon information and belief Defendants aver that Plaintiff's complaint was found to be without merit.

53.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the averments of Paragraph 53.

54.     Defendants admit that Plaintiff retired from the Johnstown Police Department if April, 2017.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the remainder of the averments of Paragraph 54.

### COUNT I – HAYMAKER V. CITY OF JOHNSTOWN, FOUSE & KOMAR
### Violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA)

55.     Defendants incorporate by reference herein Paragraphs 1 through 54 as though set forth herein in full.

56.     Paragraph 56 states conclusions of law which require no response.  To the extent that the averments of Paragraph 56 purport to allege or imply that Defendants have violated 38 U.S.C. § 4311, said averment is denied.

57.     Defendants deny the averments of Paragraph 57.

58.     Defendants deny the averments of Paragraph 58.

59.     Defendants deny the averments of Paragraph 59.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor on Count I of Plaintiff's Complaint together with costs.

### COUNT II – HAYMAKER V. CITY OF JOHNSTOWN, FOUST AND KOMAR
### 38 U.S.C. § 4311 – Retaliation Claim

60.     Defendants incorporate by reference herein Paragraphs 1 through 59 above as though set forth herein in full.

61.     Defendants deny the averments of Paragraph 61.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor on Count II of Plaintiff's Complaint together with costs.

3517808.1

## COUNT III – CLAIMS UNDER 42 U.S.C. § 1983
### Haymaker v. Craig Foust, City of Johnstown and Mellisa Komar
### Retaliation in Violation of the 1st Amendment to the Constitution

62.     Defendants incorporate by reference herein Paragraphs 1 through 61 as though set forth herein in full.

63.     Paragraph 63 contains conclusions of law which require no response. To the extent that any further response is required, Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's averment that he was engaged in activity protected by the First Amendment during the course of his employment with the City of Johnstown. Defendants specifically deny that Plaintiff's communications with city or state officials concerning matters involving officer's alleged abuse of sick time and other conditions affecting the safety of officers and members of the public constituted First Amendment protected communications.

64.     Defendants admit that Plaintiff had communications with city officials concerning allegations of police officers' alleged abuse of sick time. Defendants deny that the communications alleged in Paragraph 64 constitute speech protected by the First Amendment. Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's averments regarding other communications made.

65.     Paragraph 65 contains conclusions of law which require no response. To the extent a response is required, Defendants deny the averments of Paragraph 65.

66.     The Defendants deny the averments of Paragraph 66.

67.     Paragraph 67 contains conclusions of law which contain no response. Defendants admit the averments of Paragraph 67 only insofar as Plaintiff alleges that Komar, as Acting City Manager had final decision-making authority with respect to the

9

appointment of persons to the position of Captain.  Defendants otherwise deny the averments of Paragraph 67.

68.     Defendants deny the averments of Paragraph 68.

69.     Defendants deny that Plaintiff is entitled to an award of  compensatory and/or punitive damages.  Defendants further deny that they are liable to Plaintiff on any claim under 42 U.S.C. § 1983.

## COUNT IV – HAYMAKER V. FOUST AND KOMAR
### Pa. Common Law – Wrongful Refusal to Promotion and/or Hire

70.     Defendants incorporate by reference herein Paragraphs 1 through 69 above, as though set forth herein in full.

71.     Paragraph 71 requires no response.

72.     Paragraph 72 states conclusions of law which require no response.  To the extent that any further response is required or warranted, Defendant denies that the PMAA establishes  a broad public policy prohibiting all persons from discriminating against employees or prospective employees  on account of their military obligations.

73.     Defendants deny the averments of Paragraph 73.

74.     Defendants deny the averments of Paragraph 74.

75.     Defendants deny the averments of Paragraph 75.

76.     Defendants deny the averments of Paragraph 76

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiff together with costs on Count IV of Plaintiff's Complaint.

3517808.1

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Doctrine of Accord and Satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Doctrine of Release.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by failure to exhaust the administrative procedures applicable to a claim under USERRA.

### SIXTH AFFIRMATIVE DEFENSE

Defendants Komar and Foust are immune from Plaintiff's claims by virtue of their qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Komar and Foust are not "employers" under the PMAA, 51 Pa.C.S. § 7309 and therefore the prohibition on discrimination set forth under the PMAA does not apply to Komar and Foust.

3517808.1

## EIGHTH AFFIRMATIVE DEFENSE

The temporal nexus between Plaintiff's alleged First Amended protected activity and the alleged retaliatory act of failing to appoint Plaintiff to the position of Captain is too attenuated, as a matter of law to support a claim of retaliation.

## NINTH AFFIRMATIVE DEFENSE

The conduct of Defendants as alleged is insufficient to justify an award of punitive damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution on grounds including, but not limited to, the following:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which judgments infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable or substantive limit on the amount of the award, which thereby violates the Due Process clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

3517808.1

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or administrative penalty for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth amendment of the United States Constitution;

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)     An award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of res judicata.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged conduct of Defendants was entirely unrelated to Plaintiff's exercise of any right or activity protected under the First Amendment.

3517808.1

Respectfully submitted:

**THOMAS, THOMAS & HAFER, LLP**

BY:  _/s/  Suzanne  B.  Merrick_
       Suzanne B. Merrick, Esquire
       Pa. I.D. No:  47724
       Brook T. Dirlam, Esquire
       Pa. I.D. No:  322841
       525 William Penn Place
       37th Floor, Suite 3750
       Pittsburgh, PA  15219
       Phone:  412-697-7403
       Fax:  412-697-7407
       Attorneys for Defendants
       City of Johnstown, Craig
       Foust and Melissa Komar

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within document was forwarded to counsel below via electronic filing on the 13th day of December, 2018.

Edward A. Olds, Esquire
Jaimie George, Esquire
Old Russ Marquette & Peace
1007 Mount Royal Boulevard
Pittsburgh, PA  15223
*Counsel for Plaintiff*

Timothy P. O'Brien, Esquire
The O'Brien Law Firm
239 Fourth Avenue
Investment Building, Suite 2103
Pittsburgh, PA  15222
*Counsel for Plaintiff*

**THOMAS, THOMAS & HAFER, LLP**

By:  */s/  Suzanne B. Merrick*
     Suzanne B. Merrick, Esquire

3517808.1